# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MILWAUKEE ELECTRIC TOOL
CORPORATION, METCO BATTERY
TECHNOLOGIES LLC, TTI (MACAO
COMMERCIAL OFFSHORE)
LIMITED, and TECHTRONIC
INDUSTRIES CO. LTD.,

                Plaintiffs,

v.

CHERVON HK LIMITED, *a/k/a*
CHERVON LIMITED CORP. and
CHERVON NORTH AMERICA INC.,

                Defendants.

Case No. 17-CV-651-JPS

**PROTECTIVE ORDER**

        On August 23, 2017, the parties jointly requested entry of a stipulated protective order and submitted a proposed draft of the order. (Docket #13). The parties request that the Court enter such an order so that they may avoid the public disclosure of confidential information and documents. *Id.* at 1. Federal Rule of Civil Procedure Rule 26(c) allows for an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G); *see also* Civ. L. R. 26(e).

        The Court sympathizes with the parties' request and will grant it, but, before doing so, must note the limits that apply to protective orders. Protective orders are, in fact, an exception to the general rule that pretrial discovery must occur in the public eye. *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins.*

*Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Litigation must be "conducted in public to the maximum extent consistent with respecting trade secrets. . .and other facts that should be held in confidence." *Hicklin Eng'r, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

Nonetheless, the Court can enter a protective order if the parties have shown good cause and that the order is narrowly tailored to serve that cause. Fed. R. Civ. P. 26(c); *Citizens First*, 178 F.3d at 945; *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (even when parties agree to the entry of a protective order, they still must demonstrate the existence of good cause). The Court can find that even broad, blanket orders are narrowly tailored and permissible when it finds that two factors are satisfied:

> (1) that the parties will act in good faith in designating the portions of the record that should be subject to the protective order; and
>
> (2) that the order explicitly allows the parties to the case and other interested members of the public to challenge the sealing of documents.

*County Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2006).

The parties have requested the protective order in this case in good faith. The parties report that this patent infringement case will entail the disclosure of "confidential, competitively sensitive information about sales and profitability, past, current and future product development, work product development plans, and other similarly confidential information." (Docket #13 at 1). These are sufficient bases for the requested protective order.

The parties' proposed protective order, however, appears overbroad. It provides that, if the parties need to file documents containing confidential information with the Court, they may do so by filing the documents under seal. In other words, the parties wish to be able to seal—in their entirety—any documents that contain sensitive information. This departs from the Court's desire to ensure that every phase of the trial occurs in the public eye to the maximum extent possible. *See Hicklin Eng'r*, 439 F.3d at 348. While the Court understands that some documents will need to be sealed entirely, others may contain only small amounts of confidential information, and so redaction of that information may be more appropriate.

The Court, thus, has crafted its own protective order to enter in this case. The Court's protective order still allows the parties to file documents under seal, but does not presume that every confidential document should be filed under seal in its entirety. Rather, it contemplates that the parties will use their judgment to determine the best way to protect confidential information in submitted documents. The order also includes a provision consistent with the Court's and this district's standard practice of allowing any party and any interested members of the public to challenge the sealing of documents.

Finally, the Court must note that it subscribes to the view that its decision-making process must be transparent and as publicly accessible as possible. Thus, the Court preemptively warns the parties that it will not enter any decision under seal.

Because the parties' proposed protective order adequately complies with the standards set forth above (after the Court's minor changes), the Court will enter an order based on the parties' proposed order.

Accordingly,

Pursuant to the joint request of the parties (Docket #13), the Court finds that the exchange of sensitive information between the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties and to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony.

**IT IS THEREFORE ORDERED** that, pursuant to Civil Local Rule 26(e) and Federal Rule of Civil Procedure 26(c)(1)(D),

**(A) DESIGNATION OF CONFIDENTIAL INFORMATION.** Designation of information under this Order must be made by placing or affixing on the document or material, in a manner that will not interfere with its legibility, the word "CONFIDENTIAL." Any confidential information not reduced to documentary, tangible, or physical form, or which cannot be conveniently designated as set forth above, shall be designated by the disclosing party by informing the receiving party of the designation in writing at or prior to the time of disclosure.

(1) One who provides material may designate it as "CONFIDENTIAL" only when the person in good faith believes it contains trade secrets or nonpublic technical, commercial, financial, personal, or business information.

(2) Except for documents produced for inspection at the party's facilities, the designation of confidential information must be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the

party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(3) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives must be deemed confidential only if they are designated as such when the deposition is taken or if they are designated in writing within fourteen (14) days of the date of deposition.

**(B) DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION.** Information or documents designated as confidential under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in this paragraph for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals). The parties and counsel for the parties must not disclose or permit the disclosure of any documents, information, or tangible things designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(1) Disclosure may be made to outside counsel for a party. Disclosure may also be made to employees of such outside counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom such outside counsel for the parties makes a disclosure must be advised of, and become subject to, the

provisions of this Order requiring that the documents and information be held in confidence.

(2) Subject to the following provisions, disclosure may be made only to in-house counsel of a party required in good faith to provide assistance in the conduct of the litigation in which the information will be disclosed:

    (a) Before disclosure to any in-house counsel pursuant to subsection (2), above, the party desiring to make such disclosure shall notify the party whose confidential information will be disclosed of the following information regarding the in-house counsel to whom disclosure is proposed: name, title, and a description of such in-house counsel's current and reasonably foreseeable primary job duties and responsibilities. No disclosure of confidential information to the in-house counsel may be made until the soonest to occur of: (1) the five (5) day period for objection set forth in subsection (b), below, has passed without objection; (2) the fourteen (14) day period for seeking relief from the Court as set forth in subsection (c) has passed without a motion being filed; (3) the Court has entered an Order refusing to prevent the disclosure; or (4) the party whose confidential information is to be disclosed has approved the disclosure.

    (b) The party shall have five (5) days from notice of the information in subsection (a), above, to object to disclosure of confidential information to the in-house counsel by providing written notice of the objection stating with particularity the ground(s) for the objection, which objection must be based on that party's good faith belief that disclosure will result in specific and identifiable business or economic harm to the party.

(c) If after consideration of the objection, the party desiring to disclose the confidential information to an in-house counsel refuses to withdraw the in-house counsel, that party shall provide notice to the objecting party. Thereafter, the objecting party may move the Court, within fourteen (14) days of receiving such notice, for a protective order preventing disclosure to the in-house counsel. Any such motion for a protective order must be filed on an expedited basis pursuant to Civil Local Rule 7(h). A failure to file a motion within the fourteen (14) day period, absent an agreement of the parties to the contrary or for an extension of such fourteen (14) day period, shall operate as an approval of disclosure of confidential information to the in-house counsel. The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

(2) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Before disclosure to any such court reporter or person engaged in making photocopies of documents, such reporter or person must agree to be bound by the terms of this Order.

(3) Subject to the following provisions, disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit:

(a) Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order

requiring that the documents and information be held in confidence by executing the agreement attached hereto as Exhibit A.

(b) Furthermore, before disclosure to any expert hereunder, the party desiring to make such disclosure shall notify the party whose confidential information will be disclosed of the following information regarding the expert to whom disclosure is proposed: name, address, curriculum vitae, current employer, employment history, including consulting relationships, for the past five years, and any previous or current relationship (personal or professional) with any of the parties (and/or their predecessors or successors-in-interest). Such notice shall also include a copy of the agreement attached as Exhibit A signed by the expert. No disclosure of confidential information to the expert may be made until the soonest to occur of: (1) the five (5) day period for objection set forth in subsection (c), below, has passed without objection; (2) the fourteen (14) day period for seeking relief from the Court as set forth in subsection (d) has passed without a motion being filed; (3) the Court has entered an Order refusing to prevent the disclosure; or (4) the party whose confidential information is to be disclosed has approved the disclosure.

(c) The party shall have five (5) days from notice of the information in subsection (b), above, to object to disclosure of confidential information to the expert by providing written notice of the objection stating with particularity the ground(s) for the objection, which objection must be based on that party's good faith belief that disclosure will result in specific and identifiable business or economic harm to the party.

(d) If after consideration of the objection, the party desiring to disclose the confidential information to an expert refuses to withdraw the expert, that party shall provide notice to the objecting party. Thereafter, the objecting party may move the Court, within fourteen (14) days of receiving such notice, for a protective order preventing disclosure to the expert. Any such motion for a protective order must be filed on an expedited basis pursuant to Civil Local Rule 7(h). A failure to file a motion within the fourteen (14) day period, absent an agreement of the parties to the contrary or for an extension of such fourteen (14) day period, shall operate as an approval of disclosure of confidential information to the expert. The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

(4) Disclosure may be made to the Court, including the United States District Court for the Eastern District of Wisconsin, any appellate court with jurisdiction over any appeal from this Action (collectively the "Court"), and Court personnel assisting the Court in its adjudicative functions.

(5) Notwithstanding subsections (1)–(4), above, confidential information that comprises or discloses a party's past, current, or future product development or designs, or business or marketing plans or strategies, may not be disclosed to anyone employed or retained by the other party to (or who actually does) draft patent claims or amendments to patent claims for the other party.

**(C) MAINTENANCE OF CONFIDENTIALITY.** Except as provided in paragraph (B), counsel for the parties must keep all documents, information and tangible things designated as confidential that are received

under this Order secure within their exclusive possession and must place such documents in a secure area. Nothing in this Order shall be construed to preclude a party from seeking further confidentiality protections for specific documents, including restrictions on access to specific documents by any of the persons identified in paragraph (B).

(1) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

(2) To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court utilizing the procedures set forth in General Local Rule 79(d). If a court filing contains information, documents, or other materials that were designated "CONFIDENTIAL" by a third party, the party making the filing shall provide notice of the filing to the third party.

Any party filing information claimed to be confidential must include with that filing either: (1) a motion to seal the material pursuant to General Local Rule 79(d); or (2) an objection to the designation of the information as confidential. If such an objection is made, the person having designated the information as confidential may file a motion to seal under General Local Rule 79(d) within twenty-one (21) days of the objection.

To the extent that any records designated confidential are filed with the Court, or are substantively incorporated in any papers to be filed with

the Court, the records and papers must be redacted only to the extent necessary. If the parties seek to seal a document, either in part or in full, they must file a motion to seal that document pursuant to General Local Rule 79(d), together with a redacted copy on the record. They must also simultaneously file unredacted copies under seal with the Clerk of Court. The parties shall act in good faith in designating records to be filed, in whole or in part, under seal.

**(D) CHALLENGES TO CONFIDENTIALITY DESIGNATION.** A party or an interested member of the public may challenge the designation of confidentiality by motion. The movant must accompany such a motion with the statement required by Civil Local Rule 37. The party prevailing on any such motion is entitled to recover as motion costs its actual attorney fees and costs attributable to the motion.

**(E) INADVERTENT DISCLOSURE OF CONFIDENTIAL INFORMATION.** Inadvertent or unintentional production of confidential information not designated "CONFIDENTIAL" shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Upon request by the originating party, the receiving party shall thereafter treat such information as if it were designated confidential hereunder. The originating party shall provide, as soon as practicable, a replacement copy of the information with the designation applied, whereupon, the receiving party shall return or destroy, as applicable, the non-designated copy. Any receiving party will also make all reasonable efforts to retrieve any such documents from anyone who had received the documents prior to the notification to the receiving party of the inadvertent failure to designate the material as confidential and who is no longer permitted to access the documents under the new designation. The receipt of documents or

information will not operate as an admission by the receiving party that any particular information contains (or does not contain) or reflects (or does not reflect) trade secrets or any other type of confidential information.

**(F) CONCLUSION OF LITIGATION.** Within thirty (30) days of the conclusion of the litigation, all material not received in evidence and treated as confidential under this Order must be returned to the originating party or, in the case of electronic information, destroyed. The parties may stipulate to the destruction of non-electronic information in lieu of return. A certification of return or destruction signed by counsel shall be provided to the originating party within ten (10) days of the destruction or return of the material.

**(G)** This Order shall become effective as between the parties immediately upon submission to the Court for approval, notwithstanding the pendency of approval by the Court. If approval by the Court is ultimately withheld or made conditional, no party shall treat any documents, information, or tangible things designated as confidential under this Order produced prior to that time other than as provided in this Order without giving the originating party sufficient advance notice to allow for application to the Court for additional relief.

**(H)** Nothing herein shall prevent the parties from agreeing in writing or on the record during a deposition or hearing in this Action to alter or waive the provisions or protections provided for herein with respect to any confidential information under this Order.

**(I)** This Order shall afford all non-parties who produce any confidential information in this Action, either voluntarily or pursuant to a subpoena, court order, or discovery request, the same protections afforded to the parties to this Action. Specifically, non-parties shall be entitled to

mark any confidential information as "CONFIDENTIAL." The parties to this Action will treat such marked information per the terms of this Order and such marked documents shall be entitled to the same protections under this Order as documents marked by parties to this Action. A non-party's use of this Order to protect its documents or information does not entitle that non-party access to the documents or information produced by any party.

**(J)** Unless otherwise indicated, all references to days in this Order are to calendar days.

Dated at Milwaukee, Wisconsin, this 25th day of August, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge